IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GEORGE SCHAEFFER,

    Plaintiff,

v.                                                    No. 02-2412 B

SHELBY COUNTY, et al.,

    Defendants.
_____

ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE
_____

On March 24, 2006, this Court entered an order dismissing the claims of the pro se Plaintiff, George Schaeffer, against Defendant Gregory Hentz for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and directing the Plaintiff to show cause why the case should not be dismissed in its entirety. The basis for the show cause order was Schaeffer's failure to advise the Court of his whereabouts following his release from custody, as ordered by the Court in June, 2002. He was clearly admonished in the March 24, 2006 order that "[f]ailure of the Plaintiff to respond in a timely manner to this order will result in dismissal of this action with prejudice." (Am. Order Dismissing Claims Against Def. Hentz and to Show Cause Why Remainder of Case Should Not Be Dismissed at 3.) According to the Court's docket, the Plaintiff has to date failed to respond to the show cause order, even though the time for such response has expired.

Rule 41(b) provides for dismissal of actions for failure of the plaintiff to prosecute. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and

opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, the Plaintiff failed to notify the Court of his change of address upon his release from custody at the Shelby County Correction Center in Memphis, Tennessee and has since that time completely failed to make any filings in this matter or to otherwise contact the Court. Clearly,

the necessity of monitoring a case that the Plaintiff has dilatorily permitted to completely languish indefinitely works some hardship on Defendants seeking disposition of the action. In addition, the Plaintiff has been cautioned by the Court in no uncertain terms concerning the dire ramifications of any failures to comply with Court directives. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to move this case forward.

Based on the foregoing, this matter is DISMISSED with prejudice in its entirety for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 12th day of April, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE